IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| John M. Cobin, | ) | |
| | ) | Civil Action No. 6:07-3606-HFF-BHH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| South Carolina Educational Television | ) | |
| Commission, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the defendant's motion to dismiss.[1]  [Doc. 23.] The plaintiff has brought this action, pursuant to 42 U.S.C. §§ 1983, 1985, 1986, the United States and South Carolina Constitutions, and Title VII of the South Carolina Election Law, claiming that the defendant violated his state and federal constitutional rights by precluding him from a televised debate of candidates running for the United States Congress.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

The plaintiff's Complaint alleges that he was the 2006 Libertarian Party candidate for the House of Representatives for the Fourth District of South Carolina.  (Compl. ¶ 10.) The Complaint further alleges that the defendant did not allow the plaintiff to participate in

---

[1]  The plaintiff has also included a request to amend his Complaint to add paragraphs 2-4 of his response to the motion to dismiss to his Complaint.  That request is granted herein.

the televised debate among the major party candidates and only permitted him to participate in a "third party" debate.  (Compl. ¶ 11.)

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The plaintiff brought this action *pro se*. This fact requires that her pleadings be accorded liberal construction.  *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999).  A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

2

## DISCUSSION

The defendant is immune from this lawsuit in federal court under the Eleventh Amendment of the United States Constitution.[2]  It is undisputed, by the plaintiff, that the defendant is an instrumentality of the state.  *See* S.C. Code § 59-7-10 ("There is hereby created the South Carolina Educational Television Commission, which shall be composed of the Superintendent of Education, who shall be a member of the Commission, ex officio, and in addition the Commission shall be composed of seven members to be appointed by the Governor . . . .").  The Eleventh Amendment divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department, including SCETV.  *See Fleming v. South Carolina Dept. of Corrections*, 2007 WL 2351005, at *3 (D.S.C. 2007).  The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.

The plaintiff's claims pursuant to Sections 1983, 1985, and 1986 do not abrogate that immunity. In enacting those statutes, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Quern v. Jordan*, 440 U.S. 332, 343 (1979);  *Wolde-Giorgis v. Symington*, 2000 WL 734379, at *2 (9th Cir. June 05, 2000) (Section 1985 and 1986 claims);  *Coffin v. South Carolina Department of Social Services*, 562 F. Supp. 579, 583-85 (D.S.C.1983).  Although the

---

[2]  Although the defendant has not squarely raised the defense, the Court is constrained to consider it.  *Medina v. U.S.*, 259 F.3d 220, 223-24 (4th Cir. 2001); *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir.1997) ("We believe that, because of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even sua sponte.").

express language of the Eleventh Amendment only forbids suits by citizens of other States against a State, the Eleventh Amendment bars suits against a State filed by its own citizens. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Under *Pennhurst State School*, 465 U.S. at 99 & n.9, a State must expressly consent to suit in a federal district court. *Id*. The State of South Carolina, however, has not consented to suit in federal court. *See* S.C. Code, § 15-78-20(e) (South Carolina Tort Claims Act) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.) The Eleventh Amendment cannot be overridden by pendent jurisdiction or any other basis of jurisdiction. *Pennhurst State*, 465 U.S. at 121.

Accordingly, the defendant has complete immunity for suit in this Court, including the state law claims. The circuit courts of South Carolina have exclusive jurisdiction over state-law claims against governmental entities pursuant to the South Carolina Tort Claims Act ("SCTCA"). *See* S.C. Code Ann. § 15-78-100(b). The District of South Carolina has recognized this limitation on its jurisdiction, based both on Section 15-78-100 and Section 15-78-20(e), which, as stated, expressly preserves the State of South Carolina's Eleventh Amendment immunity from suit in federal court. *See Stewart*, 481 F. Supp. 2d 483, 493 (D.S.C. 2007); *Smith v. Ozmint*, 2007 WL 858749, at *35 (D.S.C. March 20, 2007). Accordingly, whatever claims the plaintiff has pursuant to SCTCA should be dismissed without prejudice.

The plaintiff does appear to request injunctive relief insofar as he requests that the defendant be "compelled to not exclude Plaintiff from any forums or debates with other candidates, if and when he chooses to run for political office in the future." (Compl. Prayer

4

for Relief (C).)  The Eleventh Amendment normally does not bar suit for injunctive relief. *See Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353 (4th Cir. 1991); *Kashani v. Purdue University*, 813 F.2d 843, 848 (7th Cir. 1987) ("[A] suit for prospective injunctive relief is not deemed a suit against the state and thus is not barred by the Eleventh Amendment.").

In this case, however, the debate from which the plaintiff was excluded is long over and has already been televised.  No injunction could remedy wrongs flowing from those facts, if any.  Moreover, the plaintiff's concern over exclusion from future debates is entirely too speculative.  *Moultrie v. South Carolina Election Com'n*, 2007 WL 445383, at *6 (D.S.C. February 6, 2007) (finding "no showing that the relief sought in this action would remedy the past exclusion or prevent future exclusion from televised debates.") The propriety of the plaintiff's exclusion from any future debate will turn on facts uniquely alleged in that case. *See Arkansas Educ. Television Com'n v. Forbes*, 523 U.S. 666, 675 (U.S. 1998) (stating that "the exclusion of a speaker from a nonpublic forum must not be based on the speaker's viewpoint and must otherwise be reasonable in light of the purpose of the property").

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendant's motion to dismiss [Doc. 23] be GRANTED and the plaintiff's claims dismissed without prejudice.  It is ORDERED that the plaintiff's request to amend his Complaint to add paragraphs 2-4 of his response to the motion to dismiss to his Complaint is GRANTED.

s/ Bruce H. Hendricks
United States Magistrate Judge

April 25, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).